UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                                      CASE NO.: 04-1685-CBS

ANDRES MARTINEZ

**MEMORANDUM IN SUPPORT OF MOTION FOR
PERMISSION TO APPEAR PRO HAC VICE**

The Sixth Amendment guarantees criminal defendants the right to counsel. Wheat vs. United States, 108 S.Ct. 1692 (1988); United States vs. Nocella, 849 F.2d 33 (1st Cir. 1988). The right was designed to assure fairness in the adversary criminal process, United States vs. Morrison, 449 U.S. 364 (1981), because an unaided layman may have little skill in arguing the law or in coping with an intricate procedural system. United State vs. Ash, 413 U.S. 300 (1973); Moran vs. Burbine, 475 U.S. 412 (1986). Once a person stands formally accused of a crime, he is vulnerable to certain critical stages in the criminal justice process where the results might well settle the accused's fate and reduce the trial itself to a mere formality, Maine vs. Moulton, 474 U.S. 159 (1985); United States vs. Nocella, supra. More than fifty years ago, the Supreme Court in Powell vs. Alabama, 287 U.S. 45 (1932), recognized that an essential component of that right is the accused's opportunity to obtain counsel of his own choice: "It is hardly necessary to say that the right to counsel being conceded a defendant should be afforded a fair opportunity to secure counsel of his own choice." 287 U.S. at 53; accord Chandler vs. Freitag, 348 U.S. 3 (1954); Glasser vs. United States, 315 U.S. 60 (1942); United States vs. Diozzi, 807 F.2d 10 (1st Cir. 1986); See also Morris vs. Slappy, 461 U.S. 1 (1983)

1

(Brennan, J., concurring). Although the essential aim of the Amendment is to guarantee an effective advocate for a person accused of crime, a recognized component of the guarantee is the right to be represented by one's preferred counsel. Wheat vs. United States, supra, Morris vs. Slappy, 461 U.S. at 13-14; Jones vs. Barnes, 463 U.S. 745 (1983).

The denial of a defendant's right to choose his own counsel jeopardizes his Sixth Amendment guarantee because "a substantial risk arises that the basic trust between counsel and client, which is a cornerstone of the adversary system, would be undercut." Wilson vs. Mintzes, 761 F.2d 275 (6th Cir. 1985); Linton vs. Perini, 656 F.2d 207 (6th Cir. 1981). The Sixth Amendment right to counsel requires courts to pay considerable deference to a criminal defendant's actual choice of counsel. United States vs. Diozzi, 807 F.2d 10 (1st Cir. 1986); United States vs. Cortellesso, 663 F.2d 361 (1st Cir. 1981); United States vs. O'Malley, 786 F.2d 786 (7th Cir. 1986). And any ruling by a trial court which denies a defendant his request to retain out-of-state counsel implicates constitutional concerns. United States vs. Panzardi Alvarez, 816 F.2d 813 (1st Cir. 1987).

In Wilson vs. Mintzes, supra, the court also observed that:

> "When a court unreasonably denies defendant counsel of choice, the denial can rise to the level of a constitutional violation. Birt vs. Montgomery, 725 F.2d 587 (11th Cir. 1983).

Indeed, the Wilson court held that the denial of an accused's right to "counsel of his choice" may so offend our concept of the basic requirements of a fair hearing as to amount to a denial of due process of law contrary to the Fourteenth Amendment. (citing Glasser, 315 U.S. at 70). The Sixth Amendment, according to Wilson, is also implicated

2

and its origins guarantee a defendant in a criminal case the right to be represented by counsel of his own choosing. See United States vs. Phillips, 699 F.2d 798 (6th Cir. 1983); United States vs. Reese, 699 F.2d 803 (6th Cir. 1983). Moreover, the case points out that a majority of courts have held that prejudice need not be shown when an accused is denied the right to counsel of his choice. United States vs. Greger, 657 F.2d 1109 (9th Cir. 1981). Slappy vs. Morris, 649 F.2d 718 (9th Cir. 1981); United States vs. Burton, 584 F.2d 485 (D.C. Cir. 1978); United States vs. Poulack, 556 F.2d 83 (1st Cir. 1977); United States vs. Laura, 607 F.2d 52 (3rd Cir. 1979); United States vs. Curcio, 694 F.2d 14 (2nd Cir. 1982).

Prejudice need not be shown since denial of such a right is of such magnitude that "no amount of showing of want of prejudice would cure it." See Smith vs. Illinois, 390 U.S. 129 (1968); Brookhart vs. Janis, 386 U.S. 1 (1966); Armstrong vs. McAlpin, 625 F.2d 433 (2nd Cir. 1980) (en banc).

Mr. Justice Brennan's concurrence in Morris vs. Slappy, 461 U.S. 1, 15, notes with approval this additional language from Wilson:

> . . . it is clear that when an accused is financially able to retain an attorney, the choice of counsel to assist him rests ultimately in his hands and not in the hands of the state. Id. n.5, p.23.

The Constitution reflects the harsh reality that the quality of a defendant's representation frequently may turn upon one's ability to retain the best counsel money can buy. Morris vs. Slappy, supra at 23; In re Caplan and Drysdale 837 F.2d 637 (4th Cir. 1988).

3

In United States vs. Cronic, 455 U.S. 648 (1984) the Supreme Court said that lawyers in criminal cases are "necessities" and not luxuries. Id. at 654. Their role in the adversarial process is protected by the Sixth Amendment to the Constitution, see Anders vs. California, 386 U.S. 738 (1967), and counsel is an "essential component" of that amendment. Linton vs. Perini, 656 F.2d 207 (6th Cir. 1981).

In United States vs. Phillips, 699 F.2d 798 (6th Cir. 1983) the court pointed out that the prosecution has no right to deny a defendant, in a criminal case, representation by counsel of his choice, in the absence of a showing that some important interest will be adversely affected by permitting chosen counsel to proceed. Id., at 801-02.

In Linton vs. Perini, supra, the court stated as a general principle:

> Every person has a constitutional right to retain at his own expense his own counsel so long as that right does not unreasonably interfere with the normal progress of a criminal case. Conversely, a state may not arbitrarily interfere with this right in the name of docket control. Evidence that a defendant was denied this right arbitrarily and without adequate reason is sufficient to mandate reversal without a showing of prejudice. Basic trust between counsel and defendant is the cornerstone of the adversary system and effective assistance of counsel.

650 F.2d 207.

In United States vs. Curcio, 694 F.2d 14 (2nd Cir. 1982) the court recognized that "the right to be represented by counsel of one's choosing has long been regarded as part and parcel of the fundamental right to be heard through counsel." (citing Powell vs. Alabama, 287 U.S. 45); and reminded us that the Supreme Court stamped the right of a criminal defendant "to be heard through his own counsel" as "unqualified." [citing, Betts vs. Brady, 316 U.S. 455 (1942) and Chandler vs. Freitag, 348 U.S. 3 (1954)]. The court in Curcio did point out that in certain tightly circumscribed circumstances, the right to

4

counsel of one's choice was not unqualified. Those circumstances included instances where (1) it was apparent that the exercise of the right would delay trial or (2) inflict damage upon both defendants or (3) create a conflict of interest.

The court's holding in Curio foretold what would be said by the Supreme Court in Wheat. There the court said:

> Similarly a defendant may not insist on representation by an attorney he cannot afford or who for other reasons declines to represent the defendant. Nor may a defendant insist on the counsel of an attorney who has a previous or ongoing relationship with an opposing party, even when the opposing party is the government.

The settled rule thus appears to circumscribe the right to counsel of one's choosing only where it affects ethical or professional standards, In re Grand Jury Proceedings (John Doe), 859 F.2d 1021 (1st Cir. 1988), or where it will obstruct reasonable and orderly procedure, Tuitt vs. Fair, 822 F.2d 166 (1st Cir. 1987); United States vs. Poulack, supra; United States vs. Welty, 674 F.2d 185 (3rd Cir. 1980), or where a last minute request to substitute counsel becomes a vehicle for delay, Tuitt vs. Fair, supra; United States vs. Llanes, 374 F.2d 712 (2nd Cir. 1967) [(quoted with approval in United States vs. Allan, 789 F.2d 436 (1st Cir. 1986)]. See also, United States vs. Torres, 793 F.2d 436 (1st Cir. 1986).

In Armstrong vs. McAlpen, 625 F.2d 433 (2nd Cir. 1980) (en banc) the court cited its earlier holding in Board of Education vs. Nyquist, 590 F.2d 1241 (2nd Cir. 1979) wherein it was said that disqualification was permitted "where necessary to preserve the integrity of the adversary process . . ." In other words, with rare exception, disqualification is permitted only in essentially two kinds of cases: (1) where an

attorney's conflict of interest in violation of Canons 5 and 9 of the Code of Professional Responsibility undermines the court's confidence in the vigor of the attorney's representation of his clients . . . . or more commonly, (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation, for example, in violation of Canons 4 and 9, thus giving his present client an unfair advantage. Id. None of these stated exceptions apply to this case.

In United States vs. Panzardi-Alvarez, supra, the District Court refused to permit the defendant's chosen counsel to represent him. The district court's decision was based on a local rule which permitted only one pro hac vice appearance per year. The Court of Appeals for the First Circuit reversed the defendant's conviction and held:

> We recognize that the District Court of Puerto Rico must be able to regulate the conduct of attorneys who practice before it. The Sixth Amendment, however, does not countenance the mechanistic application of a rule that permits a district court, without articulating any grounds, to deny a defendant his right to counsel of choice. Local rules of court designed to regulate attorney conduct cannot unduly handicap the constitutional right of an accused to counsel of his choice. Lefton vs. City of Hattiesburg, 333 F.2d 280 (5th Cir. 1964).

In Supreme Court of New Hampshire vs. Piper, 470 U.S. 274 (1985), the court held that a rule by a state Supreme Court that limited bar admissions to state residents violated the Privileges and Immunities clause of Article IV, Sec. 2 of the United States Constitution. In the context of that case, the court considered several contentions about non resident members advanced by New Hampshire, including; (1) They would be less likely to become familiar with local rules and procedures; (2) they would less likely be available for court proceedings; and (3) they would less likely be available to do pro bono and other volunteer work in the state. On the whole, the court in Piper rejected those

reasons and held that "a state may discriminate against nonresidents only where its reasons are substantial and the difference in treatment bears a close or substantial relation to those reasons." Id. at 288. United States vs. Torres, 793 F.2d 436 (1st Cir. 1986).

The Sixth Amendment right to counsel is solely the right of the accused. United States vs. Koblitz, 803 F.2d 1523 (11th Cir. 1986). In general, defendants are free to employ counsel of their own choice and the courts are afforded little leeway in interfering with that choice, United States vs. Cox, 508 F.2d 317 (8th Cir. 1978) and under no circumstances should the right to select counsel of one's choice be denied without compelling reason.

The rule which this court is considering purports to assert a regulatory interest over attorneys practicing before its courts, and is in the instant case being applied in a manner which deprives this criminal defendant of his sixth amendment rights. To the extent that the grant of the motion pro hac vice implicates none of the usual concerns of the court, i.e., decorum, dignity, competency, good character or amenability to service and discipline, its denial would be a violation of the Sixth Amendment. The mere fact that a defendant seeks to retain an out of state attorney does not hinder the efficacious administration of justice. Defendant's choice of counsel must be respected unless it would unreasonably delay proceedings or burden the court with counsel who was incompetent or unwilling to abide by court rules and ethical guidelines. United States vs. Panzardi-Alvarez, supra.

For the foregoing reasons the defense counsel's motion to be admitted pro hac vice should be granted.

Respectfully submitted

_____
John F. Cicilline, Esq. (#0433)
387 Atwells Avenue
Providence, RI 02909
(401) 273-5600
FAX 454-5600

## CERTIFICATION

I, the undersigned, hereby certify that I caused to be delivered a true copy of the within this the _____ day of September, 2004 to the US Attorney's Office, 1 Courthouse Way, John Joseph Moakley Courthouse, Boston, MA 02210.

_____